UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN JACKSON,
*Plaintiff*,

v.

No. 3:23-cv-00343 (JAM)

PETERSON BAZIN,
*Defendant*.

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED**

The plaintiff seeks to stay a state court's execution of an eviction judgment on her apartment. She alleges that her landlord lacks a certificate of occupancy for her residence and that her eviction is retaliatory. Because it appears that the complaint does not allege facts giving rise to plausible grounds for the exercise of federal jurisdiction or for the Court to grant relief, the Court issues this order to show cause to require the plaintiff either to file an amended complaint that overcomes the concerns stated in this order or to file a response that explains why the complaint should not be dismissed.

**BACKGROUND**

Plaintiff Karen Jackson is a defendant in eviction proceedings before the Connecticut Superior Court concerning a dwelling located at 213 Bunnell Street in Bridgeport, Connecticut.[1] On January 13, 2023, the Superior Court entered a judgment of possession in favor of Jackson's landlord, Peterson Bazin.[2] On March 15, Jackson applied for a stay of execution of the eviction judgment.[3] On March 16, the Superior Court denied Jackson's application.[4]

---

[1] *Bazin v. Jackson*, BPH-CV-22-5005286-S (Conn. Sup. Ct.), available at https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=BPHCV225005286S (last accessed Apr. 27, 2023).
[2] Notice to All Parties, *Bazin*, BPH-CV-22-5005286-S (Jan. 13, 2023), Doc. #107.00.
[3] Application for Stay of Execution Summary Process, *Bazin*, BPH-CV-22-5005286-S (Mar. 15, 2023), Doc. #118.00.
[4] Order, *Bazin*, BPH-CV-22-5005286-S (Mar. 16, 2023), Doc. #118.10.

1

Also on March 16, Jackson filed a complaint in this Court against Bazin.[5] Her complaint is accompanied by a motion that elaborates on the allegations in her complaint.[6] Jackson alleges that she owes no back rent and that her eviction is in retaliation for making numerous complaints about housing code violations.[7] She also alleges that Bazin does not have a "certification of occupancy" for her residence.[8]

Jackson wants the Court to stay the Superior Court's eviction judgment while her stay application is pending in Superior Court and to give her additional time "to file an appeal from a denied injunction from Housing State Court."[9] By "denied injunction," Jackson appears to refer to a motion to quash execution of the judgment filed on March 9, 2023, which the Superior Court denied the same day.[10] As of April 27, 2023, the Superior Court docket does not indicate that Jackson has appealed the Superior Court's denial of the motion to quash.

In addition, Jackson states that she is a disabled individual awaiting housing support through a state program.[11] She believes that a 20-day stay will give her time to find new housing.[12] She also states that she needs time to file an action against Bazin for violating her privacy and harassing her.[13]

## DISCUSSION

The Court has authority to dismiss a complaint if it is "frivolous or malicious" or if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see Fitzgerald*

---

[5] Doc. #1.
[6] Doc. #2.
[7] *Id.* at 3.
[8] *Id.* at 3, 5.
[9] Doc. #1 at 2; *see also* Doc. #2 at 1.
[10] Application for Injunction (Audita Querela), *Bazin*, BPH-CV-22-5005286-S (Mar. 9, 2023), Doc. #116.00; Order, *Bazin*, BPH-CV-22-5005286-S (Mar. 9, 2023), Doc. #116.10.
[11] Doc. #2 at 3–4.
[12] Doc. #1 at 4; Doc. #2 at 1.
[13] Doc. #2 at 3.

*v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*).[14] The Court must give a complaint by a *pro se* plaintiff a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*per curiam*). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for relief. *Ibid.*

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639–40 (2d Cir. 2007). The purpose of this order is to state the Court's concerns so that Jackson may promptly respond or file an amended complaint that addresses these concerns.

Federal courts are courts of limited jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts can exercise federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But Jackson does not explain what federal law Bazin violated in relation to either Jackson's eviction or the alleged absence of a certificate of occupancy for Jackson's unit.

Even without a federal claim, a plaintiff may sue in federal court where the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. § 1332. The complaint does not allege sufficient facts to give rise to jurisdiction under § 1332 because both Jackson and Bazin are Connecticut citizens.[15] In short, there does not appear to be any basis for federal jurisdiction over this action.

---

[14] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

[15] *See* Doc. #1 at 1 (alleging that Bazin and Jackson both reside in Connecticut).

Moreover, the Anti-Injunction Act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of these exceptions apply to Jackson's complaint. Indeed, the Second Circuit has employed the Anti-Injunction Act to bar federal court intervention in ongoing eviction proceedings. *See Watkins v. Ceasar*, 88 F. App'x 458 (2d Cir. 2004). Therefore, to the extent that Jackson's state court eviction proceedings are ongoing, it appears that the Anti-Injunction Act prohibits this Court from providing the relief she requests.

## CONCLUSION

Because the complaint does not appear to allege facts that establish plausible grounds for the exercise of federal jurisdiction or that the Court could grant relief without violating the Anti-Injunction Act, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). The Court intends to dismiss this action unless the plaintiff either files an amended complaint that overcomes the concerns stated in this order or files a response explaining why the initial complaint should not be dismissed. Any amended complaint or other response to this order to show cause must be filed not later than **May 8, 2023**. If Jackson chooses to file an amended complaint, it must clearly state in its caption which entities or persons are the plaintiffs and which are the defendants.

It is so ordered.

Dated at New Haven this 27th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge